**Steven ZARINFAR, Plaintiff—Appellant,**

v.

**BOEING, INC., Defendant—Appellee.**

No. 01–55020.

D.C. No. CV–00–02897–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided Feb. 6, 2002.

Before O'SCANNLAIN, and SILVERMAN, Circuit Judges, and REED,** District Judge.

MEMORANDUM ***

Steven Zarinfar appeals a grant of summary judgment in favor of The Boeing

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Edward C. Reed, Jr., Senior District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

Company. Zarinfar brought four claims against Boeing: (1) failure to maintain a safe workplace and refusal to provide medical treatment, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) negligent and intentional infliction of emotional distress. The district court held that, because Zarinfar admitted that his claims alleged safety violations covered by his collective bargaining agreement, all four of his claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The court held that claims one and four were additionally barred by California's Workers' Compensation Act, Cal. Lab.Code §§ 3200 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1331. We review the district court's grant of summary judgment de novo, *see Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000), and affirm.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

Zarinfar argues that Boeing's "intentional, egregious, and outrageous" conduct in failing to provide medical treatment, main-

tain a safe workplace, and provide requested medical treatment removes his first and fourth claims from the exclusivity provisions of California's Workers' Compensation Act, which preempt civil suits against employer conduct that is not beyond the ordinary risks of employment. *See Livitsanos v. Superior Court,* 2 Cal.4th 744, 754, 7 Cal.Rptr.2d 808, 828 P.2d 1195 (1992). We do not need to reach this issue because Zarinfar expressly declined to challenge the district court's alternative holding that all of Zarinfar's claims are preempted by Section 301 of the LMRA, which preempts state law claims that derive from rights created by a collective bargaining agreement.

Accordingly, the district court's grant of summary judgment in favor of The Boeing Company is AFFIRMED.

courts of this circuit except as may be provid-

ed by Ninth Circuit Rule 36–3.